IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA LYNNE HARKINS,)
)
Plaintiff,)
)
vs.) Civil Action No. 10-174
)
MICHAEL J. ASTRUE,)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

ORDER

AND NOW, this 1st day of March, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

1

evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). In so finding, the Court notes that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. See 20 C.F.R. § 416.927(e)(1); Griffin v. Commissioner of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009). Accordingly, the ALJ was not required to accept the opinion of Dr. John B. Martin, Jr., M.D., that Plaintiff was "permanently disabled." Moreover, the ALJ adequately explained why Dr. Martin's opinion was inconsistent with the record evidence.

The Court further notes, however, that Plaintiff appears to request that the Court consider documents attached to her complaint (Doc. No. 3) that were not considered by the ALJ in issuing his June 29, 2009 opinion. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if she had, the Court would deny the request because Plaintiff has failed to meet her burden.

The information contained in the material attached to Plaintiff's complaint includes

medical records from an August 7, 2009 examination of Plaintiff by Dr. Randall D. Borland, M.D. Even assuming that this material is new and not merely cumulative of what is in the record, it is not material. First, there is no indication that these records relate back to the period ending on June 29, 2009. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." Szubak, 745 F.2d at 833. See also Wilson v. Halter, No. Civ. A 00-468, 2001 WL 410542, at *4 (E.D. Pa. Apr. 18, 2001). As noted, the ALJ's decision in this case was issued on June 29, 2009. While these records are from only a little more than a month later, they in no way expressly relate back to the relevant period.

More importantly, however, there is no information in these records that would explain why or how Plaintiff is limited in her ability to engage in substantial gainful activity. The records discuss the effects of impairments which are already well-established in the record. They do not indicate any substantial change in Plaintiff's condition that would affect her ability to work, nor do they contradict the ALJ's findings regarding Plaintiff's residual functional capacity. In fact, in regard to Plaintiff's carpal tunnel syndrome, the records indicate that there has been no significant change or progression "over the past couple of years." Because the records do nothing more than further discuss impairments considered by the ALJ and in no way demonstrate a substantial change in those impairments that would lead to additional work restrictions, there is no reasonable possibility that the records would have changed the outcome of the determination. Therefore, remand is not warranted based on this evidence.

Even if the proffered evidence were new and material, Plaintiff provides no basis for establishing that she has demonstrated good cause for not having incorporated the proffered new evidence into the administrative record. The records are from an examination that postdates the ALJ's decision. However, the Court notes that at the hearing before the ALJ on June 9, 2009, less than two months before the August 7 examination with Dr. Borland, Plaintiff was asked if there was anything further the ALJ needed to consider, and the Plaintiff responded that there was not. Considering how soon after this hearing Plaintiff was examined by Dr. Borland, it is reasonable to expect that she would have already scheduled the appointment or, at the very least, that she was aware of the need to schedule the appointment. The record is silent as to what exactly Plaintiff knew in regard to the appointment as of the time of the hearing, and as to why the ALJ was not informed of it, but it is the Plaintiff's burden to establish good cause, and the failure to develop the record as to this point prevents her from doing so.

Accordingly, for all of the above reasons, a new evidence remand is not warranted.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record